# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") will become effective on: 1ST day of OCTOBER, 2018, between FESTUS OGBEIDE ("Borrower") and Lender or Servicer (the "Lender"). JPMORGAN CHASE BANK, N.A.

This agreement amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed ("Security Instrument"), and Timely Payment Rewards Rider, if any, dated JANUARY 26, 2006 and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real property described in the Security Instrument and defined therein as the "Property", located at:

3035 CHAPMAN STREET 1, OAKLAND, CALIFORNIA 94601
(Property Address)

If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Agreement will, as set forth in Section 2, amend and supplement (i) the Security Instrument, and (ii) the Note. The Security Instrument and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

If required, I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it. I further understand and agree that the Lender will not be obligated or bound to make any modifications of the Loan Documents if I fail to meet any of the requirements under this Agreement.

1. **My Representations.** I represent to the Lender and agree:
    A. I am experiencing a financial hardship and, as a result, am either in default under the Loan Documents or a default is imminent.

    B. The Property is neither in a state of disrepair, nor condemned.

    C. There has been no impermissible change of ownership of the Property since I signed the Loan Documents. A permissible change of ownership would be any transfer that the Lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

    D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

    E. If required, I have provided documentation for all income that I earn.

    F. All documents and information I provide pursuant to this Agreement are true and correct.

LOAN MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_03_2018_23_00_19

CR26417
WF632
(page 1 of 9 pages)

EXHIBIT A

Case: 18-40396   Doc# 137-1   Filed: 10/02/18   Entered: 10/02/18 14:53:35   Page 1 of 9

2. **The Modification**. The Loan Documents are hereby modified as of **OCTOBER 01, 2018** ("Modification Effective Date"), and all unpaid late charges are waived. The first modified payment will be due on the date set forth in this Section 2:

   A. The Maturity Date will be: **SEPTEMBER 01, 2058**.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts toward taxes, insurance, or other assessments. The new principal balance of my Note is **$285,365.05** ("New Principal Balance").

   C. Interest will begin to accrue on the New Principal Balance of **$285,365.05** as of **SEPTEMBER 01, 2018**. The first new monthly payment on the New Principal Balance will be due on **OCTOBER 01, 2018**, and monthly on the same date thereafter.

   My payment schedule for the modified Loan is as follows:

   Interest will accrue on the New Principal Balance at the rate of **4.125%** annually. The monthly payment amount for principal and interest will be **$1,214.93**, which is an amount sufficient to amortize the New Principal Balance over a period of **480** months.

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal & Interest Payment Amount | Estimated Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 4.125% | 09/01/2018 | $1,214.93 | $861.67, may adjust periodically | $2,076.60, may adjust periodically | 10/01/2018 | 480 |

   The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including, but not limited to, provisions for an adjustable or step interest rate.

   I understand that, if I have a pay option adjustable-rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only option, or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

   If my loan is a daily simple interest loan or an average daily balance loan, I understand and agree that interest will accrue daily and payments will be applied as of the date received by the Lender according to the terms of the Loan Documents. Interest accrues by applying the ratio of the annual interest rate over the number of days in the year (365 or 366 in a leap

LOAN MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_03_2018_23_00_19

CR26417
WF632
(page 2 of 9 pages)

EXHIBIT A

Case: 18-40396   Doc# 137-1   Filed: 10/02/18   Entered: 10/02/18 14:53:35   Page 2 of 9

year), multiplied by the principal balance, multiplied by the actual number of days the principal balance is outstanding.

All payment amounts specified in this Agreement assume that all payments will be made on the payment due date throughout the life of the loan. If I pay before or after the payment due date, the amount of interest will vary and, if my payment is an amortizing payment, the amount allocated between interest and principal will vary. For example, if I pay a monthly amortizing payment after the due date, more of the payment will go toward interest and less toward principal. As a result, the principal may be reduced more slowly over the term of the loan, and there could be a principal balance due at the maturity date of the loan. All accrued and unpaid interest will be applied before any amounts are applied toward principal.

Despite any scheduled payment shown in this Agreement, at any scheduled interest rate adjustment date, my monthly payment will be adjusted to an amount necessary to repay the remaining unpaid balance as of the interest rate adjustment date in substantially equal monthly installments of principal and interest over the remaining term of the loan, assuming I pay on the due date. The Lender will not accept multiple monthly payments in advance of their due date.

D. Any amounts still due under the Loan Documents, will be paid by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E. I will be in default if (i) the monthly payments are not made in full on the date they are due, or (ii) I do not comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3. **Additional Agreements**. I agree to the following:
    A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

    B. To comply, except to the extent that they are modified by this Agreement, or by the U.S. Bankruptcy Code, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

    C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms.

    D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part

LOAN MODIFICATION AGREEMENT - BAU MOD GLOBAL  
ver. 09_03_2018_23_00_19

CR26417  
WF632  
(page 3 of 9 pages)

EXHIBIT A

of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, or by the U.S. Bankruptcy Code, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of no less than 30 days from the date the notice is delivered or mailed within which all sums secured by the Mortgage will come due. If payment of these sums is not made prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. That, if Borrower is in bankruptcy upon execution of this document, Borrower will cooperate fully with Lender in obtaining any required Bankruptcy Court and trustee approvals in accordance with local court rules and procedures. Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect and such terms shall not be modified by this Agreement.

J. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

K. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the

EXHIBIT A



Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

L. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

LOAN MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_03_2018_23_00_19

CR26417
WF632
(page 5 of 9 pages)

**EXHIBIT A**

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And FESTUS OGBEIDE, LOAN NUMBER ███████ WITH A MODIFICATION EFFECTIVE DATE OF OCTOBER 01, 2018

In Witness Whereof, the Borrower(s) have executed this agreement.

_____    Date: 09/11/18
Borrower - FESTUS OGBEIDE

LOAN MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_03_2018_23_00_19

CR26417
WF632
(page 6 of 9 pages)

EXHIBIT A



A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of CALIFORNIA )
County of __Alameda__ )
**Enter County Here**

On __09/11/2018__, before me, __Patty Sipaseuth__, Notary Public,
(insert name here)
personally appeared **FESTUS OGBEIDE**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature __Patty Sipaseuth__ (Seal)
Enter Notary Name EXACTLY as it appears on Notary Stamp

PATTY SIPASEUTH
Notary Public – California
Alameda County
Commission # 2219516
My Comm. Expires Oct 22, 2021

LOAN MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_03_2018_23_00_19

CR26417
WF632
(page 7 of 9 pages)

EXHIBIT A

Case: 18-40396    Doc# 137-1    Filed: 10/02/18    Entered: 10/02/18 14:53:35    Page 7 of 9



**TO BE SIGNED BY LENDER ONLY**

**LENDER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And FESTUS OGBEIDE, LOAN NUMBER ▮▮▮▮ WITH A MODIFICATION EFFECTIVE DATE OF OCTOBER 01, 2018

In Witness Whereof, the Lender has executed this Agreement.

Lender

**JPMORGAN CHASE BANK, N.A.**

By: _____

Printed Name:

Date: _____

LOAN MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_03_2018_23_00_19

CR26417
WF632
*(page 8 of 9 pages)*



**EXHIBIT A**

State of MICHIGAN
County of OAKLAND

Acknowledged by _____, Vice President of JPMORGAN CHASE BANK, N.A. before me on the _____ day of _____, _____

Signature _____

Printed name _____

Notary public, State of MICHIGAN, County of _____

My commission expires _____

Acting in the County of OAKLAND

LOAN MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 09_03_2018_23_00_19

CR26417
WF632
*(page 9 of 9 pages)*

**EXHIBIT A**