Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca. 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor
Festus E. Ogbeide

## UNITED STATES BANKRUPTY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 18-40396 |
| Festus E. Ogbeide | Chapter 11 |
| Debtor | |

## COMBINED PLAN OF REORGANIZATION
## AND DISCLOSURE STATEMENT

### January 8, 2019

### INTRODUCTION

This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 100% in monthly payments over 60 months. Taxes and other priority claims would be paid in full, as shown in Part 3

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [TBD]. The court will hold a hearing on confirmation of the Plan

-1-

on [TBD] at [TBD].

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

## PART 1: TREATMENT OF SECURED CREDITORS

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|-------|------------------|---------------------------|
| 1A | JP Mortgage Chase Bank, N.A. Claim 12 | 3035 Chapman Street, Oakland, Ca. 94601 |

-2-

| | | |
|---|---|---|
| 1B | JP Mortgage Chase Bank, N.A. Claim 11 | 3856 West Street, Emeryville, Ca. 94608 |
| 1C | Propel Financial Services, LLC Claim 14 | 12206 Ormandy Street, Houston, Tx. 77085 |
| 1D | Propel Financial Services, LLC Claim 15 | 12206 Ormandy Street, Houston, Tx. 77085 |

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral. The confirmation order will constitute an order for relief from stay. Creditors in these classes shall retain their interest in the collateral until paid in full. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan. Debtor to Make Regular Payments and Pay Arrears Over Time.**

| Class | Name of Creditor | Collateral | Regular Monthly Payment | Estimated Arrears | Interest Rate on Arrears | Monthly Payment on Arrears |
|---|---|---|---|---|---|---|
| 1E | Harris County – Claim 4 | 12206 Ormandy Street, Houston, Tx. 77085 | 0 | $6283.84 | 12% | 166 |
| 1F | Harris County – Claim 5 | 12206 Ormandy Street, Houston, Tx 77085. | 0 | 1073.50 | 0% | 23.00 |
| 1G | Wells Fargo Bank Claim 3 | 2935 Baywalk Rd Alameda Ca 94502-7912 | 3207 (Post-Petition arrears) | 12,000 | 0% | 334 |

-3-

Case: 18-40396   Doc# 176   Filed: 01/08/19   Entered: 01/08/19 14:26:30   Page 3 of 21

| | | | | | | |
|---|---|---|---|---|---|---|
| 1H | The Bank of New York Mellon, successor trustee to JPMorgan Chase Bank, National Association, as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2005-10, Mortgage Pass-Through Certificates, Series 2005-10 Claim 9 | 904 Wilson Avenue, Richmond, Ca. 94805 | 1301.10 | 1388.10 | 0 | 100 |
| 1I | Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR3 Claim 10 | 6580 Longwalk Drive, Oakland, Ca. 94611 | 2147.73 | 3723.30 | 0 | 156 |
| 1M | So. Fondren Pl. HOA | 12206 Ormandy St., Houston, Tx. 77085 | 0 | 1507 | | 100 |

-4-

Debtor will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges) with interest in equal monthly payments as set forth above, due the 1st day of the month, starting on the effective date.  To the extent arrears are determined to be other than as shown above, appropriate adjustments will be made in the number of payments.  Creditors in these classes shall retain their interest in the collateral until paid in full.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  These secured claims are impaired and entitled to vote on confirmation of the Plan.

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|---|---|---|---|---|---|---|
| 1J | Austen Chang Claim 7 | 3035 Chapman Street, Oakland, Ca. 94601 | $154,535.61 | 8% | 1573 | 180 months |

Debtor will pay the entire amount contractually due with interest through 180 equal monthly payments, due the 1st day of the month, starting the effective date on the above secured claims.  Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  These secured claims are impaired and are entitled to vote on confirmation of the Plan.

Payments to claimants in these classes may continue past the date Debtor obtains a discharge.  The claimants' rights against its collateral shall not be affected by the entry of discharge but shall continue to be governed by the terms of this Plan.

**Property to be Surrendered.**

| Class | Name of Creditor | Description of Collateral |
|-------|------------------|---------------------------|
| 1K | Towd Point Mortgage Trust 2017-4, U.S. Bank National Association, as Indenture Trustee – Claim 8 | 5368-5370 Trask Street, Oakland, Ca. 94601 |
| 1L | JP Mortgage Chase Bank, N.A. Claim 13 | 2411 6th Street, Berkeley, Ca. 94710 |

Debtor will surrender the above collateral on the Effective Date of the Plan. The confirmation order will constitute an order for relief from stay. Any secured claim is satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim treated in Part 2. Creditors in these classes shall retain their interest in the collateral. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2(a). Small Claims.**

| Name of Creditor | Amount of Claim | Amount to be Paid |
|------------------|-----------------|-------------------|
| Capitol One | 500 | 500 |
| DBE Group | 52 | 52 |
| Credit One Bank | 445 | 445 |
| Total | 997 | 997 |

This class includes any creditor whose allowed claim is $500 or less, and any creditor in Class 2(b) whose allowed claim is larger than $500 but agrees to reduce its claim to $500. Each creditor will receive on the Effective Date of the Plan a single payment equal to the lesser of its allowed claim or $500.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Claimants in this class**

-6-

**are impaired and are entitled to vote on confirmation of the Plan, unless their claims are**

**paid in full with interest on the Effective Date of the Plan.**

**Class 2 General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Month Payment |
|---|---|---|---|---|
| Bank of America | 25,923.00 | Y | 0 | 0 |
| Leroy Albert | 77000 | N | 77000 | 1284 |
| Navient | 9312 | Y | 9312 | 155.2 |
| City of Houston Public Works Attn: Effie Green 4200 Leeland Houston, Texas 77023 | 1668.86 | Y | 1668.86 | 28 |
| Fasa Uwhuba | 6348.23 | N | 6348.23 | 106 |
| Total | 120,252.09 | | 94329.09 | 1573.2 |

     Allowed claims of general unsecured creditors not treated as small claims (including

allowed claims of creditors whose executory contracts or unexpired leases are being rejected

under this Plan) shall be paid as follows:

     **Percent Plan.** Class 2 creditors will receive **100%** of their allowed claim in installments,

no later than the Effective Date.

     Creditors in this class may not take any collection action against Debtor so long as the

Debtor is not in material default under the Plan (defined in Part 6(c)).

     **Disputed Claims.** Debtor shall create a reserve for disputed claims in the amount of the

claim unless the claim is estimated for distribution in a different amount under 11 U.S.C.§502(c).

     Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place

Case: 18-40396   Doc# 176   Filed: 01/08/19   Entered: 01/08/19 14:26:30   Page 7 of 21

into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. Debtor must file objections to disputed claims no later than 180 days after entry of the confirmation order.

If a disputed claim becomes an allowed claim, Debtor must immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor

**This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

## PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS

(a) Professional Fees.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

The following professionals have agreed to accept payment over time as follows. Payments will be made on the effective date.

| Name and Role of Professional | Estimated Amount | Payment Amount | Number of Payments |
|---|---|---|---|
| Marc Voisenat | $23,000 | $23,000 | 1 |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b) Other Administrative Claims. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation

Case: 18-40396   Doc# 176   Filed: 01/08/19   Entered: 01/08/19 14:26:30   Page 8 of 21

will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| | |

(c) <u>Tax Claims</u>. Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made monthly, due on the 1st day of the month, starting the effective date of the plan. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| None | | | | |

**PART 4:     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) <u>Executory Contracts/Unexpired Leases Assumed</u>. Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will

-9-

be paid as they come due.

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| | | | | |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>.  Debtor rejects the following executory contracts and/or unexpired leases.

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| None | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**

(a) <u>Discharge</u>.  Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan.  Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

-10-

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a) <u>Creditor Action Restrained</u>. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>. Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>. Upon confirmation of the Plan, and subject to Part 5(c), any

Case: 18-40396    Doc# 176    Filed: 01/08/19    Entered: 01/08/19 14:26:30    Page 11 of 21

creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f)  Effect of Conversion to Chapter 7.  If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g)  Retention of Jurisdiction.  The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**

(a)  Effective Date of Plan.  The Effective Date of the Plan is the later of December 31, 2017 or the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b)  Disputed Claim Reserve.  Debtor will create a reserve for disputed claims.  Each time Debtor

Case: 18-40396   Doc# 176   Filed: 01/08/19   Entered: 01/08/19 14:26:30   Page 12 of 21

makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim.  Any funds no longer needed in reserve shall be returned to Debtor.

(c) Cramdown.  Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) Severability.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) Governing Law.  Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f) Lawsuits.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|-------|--------------|-----------------|-----------------|-----------------------------------|
| None  |              |                 |                 |                                   |

(g) Notices.  Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Festus E. Ogbeide
2935 Baywalk Rd.
Alameda, CA 94501

-13-

(h)  Post-Confirmation United States Trustee Fees.  Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i)  Deadline for § 1111(b) Election.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: January 8, 2019

/s/ Festus E. Ogbeide
Debtor

/s/ Marc Voisenat
Attorney for Debtor

-14-

**Attorney Certification**

I, <u>Marc Voisenat</u>, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

I declare that the foregoing is true and correct. Executed this 8th day of January 2019.

/s/ Marc Voisenat
Marc Voisenat, Attorney for
Debtor

-15-

**Exhibit 1 - Events That Led To Bankruptcy**

On or about January 27, 2007, the debtor executed a $575,000 note in favor of Douglas Sykes (Sykes) payable at 9.5% interest. This note was secured by a deed of trust. The monthly payment was 4552.08. This note matured on February 1, 2012.

On or about March 10, 2008, the debtor executed a $100,000 note in favor of Sykes. This note was secured by a deed of trust. The monthly payment was $1002.56. This note matured on April 1, 2013.

These loans were secured by the real properties located at 2411 6th Street Berkeley, CA 94710 and 5368-5370 Trask Street Oakland, CA 94601

The debtor defaulted on the loan and on February 27, 2015, the parties executed a forbearance agreement which included the above property and a property located at 62nd Avenue, Oakland, California. At the time the forbearance agreement was executed, both notes had matured. The forbearance agreement set forth the default amount at $177,694.50.

As part of the 2015 forbearance agreement, Sykes foreclosed on 62nd Avenue. However, in August 2015, Sykes rescinded the Trustee's Deed Upon Sale and title reverted back to the debtor. The debtor later sold the property in or about September 6, 2017, and paid Sykes $867,663.16.

Thereafter, a dispute arose over the remaining amount owed Sykes. Sykes scheduled a non-judicial sale on the real properties located at Trask and Sixth Street. To stop the foreclosure sale, the debtor filed the above chapter 11 case.

During this case the parties mediated their dispute without success. The dispute was set for trial earlier this year however, the parties reached an agreement on the amount necessary to cure Syke's default. The debtor was unable to timely perform under the agreement and the Trask and Sixth street properties were lost in foreclosure.

-16-

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: [904 Wilson Ave., Richmond, CA 94805]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $475,000 | 1st - 437,000 | 43,0000 | 72500 | 0 | 0 |

Real Property #2: [3856 West Street Emeryville, CA 94608]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $750,000 | 1st – 374,000 | 37000 | 150000 | 0 | 189000 |

Real Property #3: [3035 Chapman Street Oakland, CA 94601]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $650,000 | 1st. – 280,000 | 65000 | 18750 | 0 | 136250 |
| | 2nd – 150,000 | | | | |

Real Property #4: [6580 Longwalk Drive Oakland, CA 94611]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $900,000 | 1st – 714,500 | 71,000 | 91125 | 0 | 23375 |

Real Property #5: [12206 Ormandy Street Houston, Tx]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $80,000 | 1st – 30,000 | 8000 | 3750 | 0 | 29387 |
| | 2nd - 1507 | | | | |
| | 3rd – 6283.84 | | | | |
| | 4th - 1073 | | | | |

Case: 18-40396    Doc# 176    Filed: 01/08/19    Entered: 01/08/19 14:26:30    Page 17 of 21

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | 1200 | 0 | 0 | 1200 |
| Checking | 1500 | 0 | 0 | 1500 |
| 2008 Toyota Camry | 6000 | 0 | | 6000 |
| Household Furnishings | 3000 | 0 | 3000 | 0 |
| Electronics | 1000 | 0 | 1000 | 0 |
| Clothes | 1000 | 0 | 1000 | 0 |
| Jewelry | 100 | 0 | 100 | 0 |
| Appraisal License | 0 | 0 | 0 | 0 |
| Office Equipment | 1500 | 0 | 1500 | 0 |
| Seifert & Festus Enterprise (40% interest) | 0 | 0 | 0 | 0 |
| GAO Associates | 0 | 0 | 0 | 0 |
| Total | 15300 | 0 | | 8700 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $386,712 |
| Recovery from Preferences / Fraudulent Conveyances | 0 |
| Chapter 7 Administrative Claims | 0 |
| Chapter 11 Administrative Claims | 23,000 |
| Priority Claims | |
| Chapter 7 Trustee Fees | 9,000 |
| Chapter 7 Trustee's Professionals | |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | 3547122 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $120,252.09 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 100% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 100% |

Case: 18-40396   Doc# 176   Filed: 01/08/19   Entered: 01/08/19 14:26:30   Page 18 of 21

**Exhibit 3 - Monthly Income and Expenses**

| Income – | Amount |
|---|---|
| Gross Business Income | 5500 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | 1932 |
| One Time Family Contribution | 25,0000 |
| **A. Total Monthly Income** | 7432 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | 0 |
| Retirement Contributions (401k, IRA, PSP) | 0 |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities) | 3800 |
| Household Expenses (food) | 200 |
| Transportation Expenses (car payments, insurance, fuel) | 640 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | 150 |
| **B. Total Monthly Expenses** | 4790 |
| **C. Disposable Income** (Line A - Line B) | 2642 |

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Priority Claims | 0 |
| Classes1E, 1F, 1G, 1H,1I and 1M | 879 |
| General Unsecured Creditors | 1573 |
| **D. Total Plan Payments** | 2452 |

| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | $190 |
|---|---|

**Exhibit 4 - Effective Date Feasibility**

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | | 27000 |
| Payments on Effective Date | | |
| Administrative Expenses Claims | 23000 | |
| Priority Claims | 0 | |
| Classes 1E, 1F, 1G, 1H, 1I, 1M | 1573 | |
| Small Claims (Class 2a) | 997 | |
| General Unsecured Creditors | 879 | |
| B. Total Payments on Effective Date | | 26449 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) | | 551 |

-20-

**Exhibit 5 - Investment Property Analysis**

**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: [904 Wilson Avenue Richmond, CA 94805]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 1850 | 1301 | Incl | Incl | 250 | 300 |

Real Property #2 Income: [3856 West Street Emeryville, CA 94608]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 4000 | 1726 | Incl | Incl | 250 | 2024 |

Real Property #3 Income: [6580 Longwalk Drive Oakland, CA 94611]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 3200 | 2148 | Incl | Incl | 250 | 802 |

Real Property #4 Income: [12206 Ormandy Street Houston, Tx]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 800 | 404 | 100 | 200 | 80 | 16 |

| **A. Total Positive Cash Flow** | $3142 |
|---|---|

**Properties with Negative Monthly Cash-Flow:**

Real Property #5 Income: [3035 Chapman Street Oakland, CA 94601]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 2400 | 3588 | Incl | Incl | | -1188 |

| **B. Total Negative Cash Flow** | -1188 |
|---|---|

Case: 18-40396    Doc# 176    Filed: 01/08/19    Entered: 01/08/19 14:26:30    Page 21 of 21