Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca. 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor
Festus E. Ogbeide

## UNITED STATES BANKRUPTY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re:

Festus E. Ogbeide

                Debtor

Case No.: 18-40396

Chapter 11

## COMBINED PLAN OF REORGANIZATION
## AND DISCLOSURE STATEMENT

### May 3, 2019

### INTRODUCTION

This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 100% in monthly payments over 60 months. Taxes and other priority claims would be paid in full, as shown in Part 3

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [TBD]. The court will hold a hearing on confirmation of the Plan

-1-

on [TBD] at [TBD].

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

## PART 1: TREATMENT OF SECURED CREDITORS

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1A | JP Mortgage Chase Bank, N.A. Claim 12 | 3035 Chapman Street, Oakland, Ca. 94601 |

-2-

| 1B | JP Mortgage Chase Bank, N.A. Claim 11 | 3856 West Street, Emeryville, Ca. 94608 |
|----|----|----|
| 1C | Propel Financial Services, LLC Claim 14 | 12206 Ormandy Street, Houston, Tx. 77085 |
| 1D | Propel Financial Services, LLC Claim 15 | 12206 Ormandy Street, Houston, Tx. 77085 |

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral. The confirmation order will constitute an order for relief from stay. Creditors in these classes shall retain their interest in the collateral until paid in full. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan. Debtor to Make Regular Payments and Pay Arrears Over Time.**

| Class | Name of Creditor | Collateral | Regular Monthly Payment | Estimated Arrears | Interest Rate on Arrears | Monthly Payment on Arrears |
|----|----|----|----|----|----|----|
| 1E | Harris County – Claim 4 | 12206 Ormandy Street, Houston, Tx. 77085 | 0 | $6283.84 | 12% | 166 |
| 1F | Harris County – Claim 5 | 12206 Ormandy Street, Houston, Tx 77085. | 0 | $1073.50 | 0% | 23.00 |
| 1G | Wells Fargo Bank Claim 3 | 2935 Baywalk Rd Alameda Ca 94502-7912 | 3207 (Post-Petition arrears) | $12,000 | 0% | 334 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1H | The Bank of New York Mellon, successor trustee to JPMorgan Chase Bank, National Association, as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2005-10, Mortgage Pass-Through Certificates, Series 2005-10 Claim 9 | 904 Wilson Avenue, Richmond, Ca. 94805 | 1301.10 | 1388.10 | 0% | $216.85 See Exhibit 6 attached hereto. To the extent the terms of Exhibit 6 conflict with the terms of the plan, the terms of Exhibit 6 will control. |
| 1I | Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR3 Claim 10 | 6580 Longwalk Drive, Oakland, Ca. 94611 | 2147.73 | 3723.30 | 0 | $489.25 See Exhibit 7 attached hereto. To the extent the terms of Exhibit 7 conflict with the terms of the plan, the terms of Exhibit 7 will control. |
| 1M | So. Fondren Pl. HOA | 12206 Ormandy St., Houston, Tx. 77085 | 0 | 1507 | | 100 |

-4-

Debtor will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges) with interest in equal monthly payments as set forth above, due the 1st day of the month, starting on the effective date. To the extent arrears are determined to be other than as shown above, appropriate adjustments will be made in the number of payments. Creditors in these classes shall retain their interest in the collateral until paid in full.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). These secured claims are impaired and entitled to vote on confirmation of the Plan.

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|-------|------------------|------------|------------|---------------|-----------------|------|
| 1J | Austen Chang Claim 7 | 3035 Chapman Street, Oakland, Ca. 94601 | $154,535.61 | 8% | 1573 | 180 months |

Debtor will pay the entire amount contractually due with interest through 180 equal monthly payments, due the 1st day of the month, starting the effective date on the above secured claims. Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). These secured claims are impaired and are entitled to vote on confirmation of the Plan.

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimants' rights against its collateral shall not be affected by the entry of discharge but shall continue to be governed by the terms of this Plan.

**Property to be Surrendered.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1K | Towd Point Mortgage Trust 2017-4, U.S. Bank National Association, as Indenture Trustee – Claim 8 | 5368-5370 Trask Street, Oakland, Ca. 94601 |
| 1L | JP Mortgage Chase Bank, N.A. Claim 13 | 2411 6th Street, Berkeley, Ca. 94710 |

Debtor will surrender the above collateral on the Effective Date of the Plan. The confirmation order will constitute an order for relief from stay. Any secured claim is satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim treated in Part 2. Creditors in these classes shall retain their interest in the collateral. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2(a). Small Claims.**

| Name of Creditor | Amount of Claim | Amount to be Paid |
|---|---|---|
| Capitol One | 500 | 500 |
| DBE Group | 52 | 52 |
| Credit One Bank | 445 | 445 |
| Total | 997 | 997 |

This class includes any creditor whose allowed claim is $500 or less, and any creditor in Class 2(b) whose allowed claim is larger than $500 but agrees to reduce its claim to $500. Each creditor will receive on the Effective Date of the Plan a single payment equal to the lesser of its allowed claim or $500.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Claimants in this class**

-6-

are impaired and are entitled to vote on confirmation of the Plan, unless their claims are paid in full with interest on the Effective Date of the Plan.

**Class 2 General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment for 60 months |
|---|---|---|---|---|
| Bank of America[1] | 25,923.00 | Y | 0 | 0 |
| Leroy Albert | 94,700 | N | 94,700 | 1284 |
| Navient[2] | 9312 | Y | 0 | 0 |
| City of Houston Public Works Attn: Effie Green 4200 Leeland Houston, Texas 77023 | 1668.86 | Y | 1668.86 | 28 |
| Fasa Uwhuba | 6348.23 | N | 6348.23 | 106 |
| Total | 137,952.09 | | 102,717.09 | 1418 |

Allowed claims of general unsecured creditors not treated as small claims (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

**Percent Plan.** Class 2 creditors will receive **100%** of their allowed claim in 60 installments, beginning on the Effective Date.

Creditors in this class may not take any collection action against Debtor so long as the Debtor is not in material default under the Plan (defined in Part 6(c)).

---

[1] This claim was disallowed in its entirety on April 11, 2019 [Dkt #200]

[2] This is a student loan wherein the borrower is the debtor's niece. The debtor is a co-signer on the underlying note. The debtor's niece, Ms Annebel Eguagie, is currently making payments on this loan of $168 per month. The loan is contractually current, and the debtor will not pay this claim through his chapter 11 plan.

**Disputed Claims.** Debtor shall create a reserve for disputed claims in the amount of the claim unless the claim is estimated for distribution in a different amount under 11 U.S.C. §502(c).

Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. Debtor must file objections to disputed claims no later than 180 days after entry of the confirmation order.

If a disputed claim becomes an allowed claim, Debtor must immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor

**This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**

(a) Professional Fees.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

The following professionals have agreed to accept payment over time as follows. Payments will be made on the effective date.

| Name and Role of Professional | Estimated Amount | Payment Amount | Number of Payments |
|---|---|---|---|
| Marc Voisenat | $23,000 | $23,000 | 1 |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b) Other Administrative Claims. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
|  |  |

(c) Tax Claims. Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made monthly, due on the 1st day of the month, starting the effective date of the plan. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| None |  |  |  |  |

-9-

**PART 4:      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) Executory Contracts/Unexpired Leases Assumed.  Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder.  Post-confirmation obligations will be paid as they come due.

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
|  |  |  |  |  |

(b) Executory Contracts/Unexpired Leases Rejected.  Debtor rejects the following executory contracts and/or unexpired leases.

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| None |  |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**

(a) Discharge.  Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) Vesting of Property.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) Plan Creates New Obligations.  Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan.  Debtor's obligations under the confirmed Plan

-10-

constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a) <u>Creditor Action Restrained</u>. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>. Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by

-11-

the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) Claims not Affected by Plan. Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) Effect of Conversion to Chapter 7. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) Retention of Jurisdiction. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**

(a) Effective Date of Plan. The Effective Date of the Plan is the later of December 31, 2017 or the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been

Case: 18-40396    Doc# 211    Filed: 05/04/19    Entered: 05/04/19 10:51:57    Page 12 of 42

stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) <u>Governing Law</u>. Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f) <u>Lawsuits</u>.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| None | | | | |

Case: 18-40396   Doc# 211   Filed: 05/04/19   Entered: 05/04/19 10:51:57   Page 13 of 42

(g) Notices. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Festus E. Ogbeide
2935 Baywalk Rd.
Alameda, CA 94501

 (h) Post-Confirmation United States Trustee Fees. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i) Deadline for § 1111(b) Election. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: May 3, 2019

/s/ Festus E. Ogbeide<br>
Debtor

/s/ Marc Voisenat<br>
Attorney for Debtor

-14-

## Attorney Certification

I, <u>Marc Voisenat</u>, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Added Exhibits 6 and 7

Added Additional Box for income page 20

I declare that the foregoing is true and correct. Executed this 3rd day of May 2019.

/s/ Marc Voisenat
Marc Voisenat, Attorney for
Debtor

-15-

**Exhibit 1 - Events That Led To Bankruptcy**

On or about January 27, 2007, the debtor executed a $575,000 note in favor of Douglas Sykes (Sykes) payable at 9.5% interest. This note was secured by a deed of trust. The monthly payment was 4552.08. This note matured on February 1, 2012.

On or about March 10, 2008, the debtor executed a $100,000 note in favor of Sykes. This note was secured by a deed of trust. The monthly payment was $1002.56. This note matured on April 1, 2013.

These loans were secured by the real properties located at 2411 6th Street Berkeley, CA 94710 and 5368-5370 Trask Street Oakland, CA 94601

The debtor defaulted on the loan and on February 27, 2015, the parties executed a forbearance agreement which included the above property and a property located at 62nd Avenue, Oakland, California. At the time the forbearance agreement was executed, both notes had matured. The forbearance agreement set forth the default amount at $177,694.50.

As part of the 2015 forbearance agreement, Sykes foreclosed on 62nd Avenue. However, in August 2015, Sykes rescinded the Trustee's Deed Upon Sale and title reverted back to the debtor. The debtor later sold the property in or about September 6, 2017, and paid Sykes $867,663.16.

Thereafter, a dispute arose over the remaining amount owed Sykes. Sykes scheduled a non-judicial sale on the real properties located at Trask and Sixth Street. To stop the foreclosure sale, the debtor filed the above chapter 11 case.

During this case the parties mediated their dispute without success. The dispute was set for trial earlier this year however, the parties reached an agreement on the amount necessary to cure Syke's default.

In order to make Trask and Sixth Street marketable, the debtor family contributed almost $30,000 towards repairs, labor and supplies. In addition, the debtor's friend Leroy Albert

-16-

contributed approximately $17,700 towards the rehabilitation of both Trask and Sixth Street. The debtor has no agreement with the family members or Mr. Albert to repay these monies through his chapter 11 plan. These contributions are set forth in the debtor's operating reports.

The debtor was unable to timely perform under the agreement and the Trask and Sixth Street properties were lost in foreclosure on November 5, 2018.

The debtor is the trustee of the "Donna Rae Pittman Trust" The trust owned the real property located at 3851 Madrone Avenue, Oakland, California (the "Property) The Property has a value of $800,000 and is currently encumbered by a first mortgage in the amount of $300,000. The debtor has the power to refinance the Property under the terms of the trust. The debtor intends on obtaining a loan of approximately $150,000 from this Property within the next six months to be used to fund his chapter 11 plan.

Case: 18-40396   Doc# 211   Filed: 05/04/19   Entered: 05/04/19 10:51:57   Page 17 of 42

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: [904 Wilson Ave., Richmond, CA 94805]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $475,000 | 1st - 437,000 | 43,0000 | 72500 | 0 | 0 |

Real Property #2: [3856 West Street Emeryville, CA 94608]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $750,000 | 1st – 374,000 | 37000 | 150000 | 0 | 189000 |

Real Property #3: [3035 Chapman Street Oakland, CA 94601]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $650,000 | 1st. – 280,000 | 65000 | 18750 | 0 | 136250 |
| | 2nd – 150,000 | | | | |

Real Property #4: [6580 Longwalk Drive Oakland, CA 94611]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $900,000 | 1st – 714,500 | 71,000 | 91125 | 0 | 23375 |

Real Property #5: [12206 Ormandy Street Houston, Tx]

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $80,000 | 1st – 30,000 | 8000 | 3750 | 0 | 29387 |
| | 2nd - 1507 | | | | |
| | 3rd – 6283.84 | | | | |
| | 4th - 1073 | | | | |

Case: 18-40396   Doc# 211   Filed: 05/04/19   Entered: 05/04/19 10:51:57   Page 18 of 42

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | 1200 | 0 | 0 | 1200 |
| Checking | 2000 | 0 | 0 | 1500 |
| 2008 Toyota Camry | 6000 | 0 | | 6000 |
| Household Furnishings | 3000 | 0 | 3000 | 0 |
| Electronics | 1000 | 0 | 1000 | 0 |
| Clothes | 1000 | 0 | 1000 | 0 |
| Jewelry | 100 | 0 | 100 | 0 |
| Appraisal License | 0 | 0 | 0 | 0 |
| Office Equipment | 1500 | 0 | 1500 | 0 |
| Seifert & Festus Enterprise (40% interest) | 0 | 0 | 0 | 0 |
| GAO Associates | 0 | 0 | 0 | 0 |
| Total | 15300 | 0 | | 8700 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $386,712 |
| Recovery from Preferences / Fraudulent Conveyances | 0 |
| Chapter 7 Administrative Claims | 0 |
| Chapter 11 Administrative Claims | 23,000 |
| Priority Claims | |
| Chapter 7 Trustee Fees | 9,000 |
| Chapter 7 Trustee's Professionals | |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | 3547122 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $102,717.09 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 100% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 100% |

-19-

**Exhibit 3 - Monthly Income and Expenses**

| Income – | Amount |
|---|---|
| Gross Business Income | 5500 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | 1932 |
| Daughter Payment to Navient | 168 |
| **A. Total Monthly Income** | 7600 |

| Other Income – | Amount |
|---|---|
| One Time Family Contribution | 150,000 |
| **A. Total Contribution** | 150,000 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | 0 |
| Retirement Contributions (401k, IRA, PSP) | 0 |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities) | 3800 |
| Household Expenses (food) | 200 |
| Transportation Expenses (car payments, insurance, fuel) | 580 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | 100 |
| **B. Total Monthly Expenses** | 4680 |
| **C. Disposable Income** (Line A - Line B) | 2920 |

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Priority Claims | 0 |
| Classes1E, 1F, 1G, 1H,1I and 1M | 1329.10 |
| General Unsecured Creditors | 1418 |
| **D. Total Plan Payments** | 2747.1 |

| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | $172.90 |
|---|---|

Case: 18-40396    Doc# 211    Filed: 05/04/19    Entered: 05/04/19 10:51:57    Page 20 of 42

**Exhibit 4 - Effective Date Feasibility**

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date |  | 27000 |
| Payments on Effective Date |  |  |
| Administrative Expenses Claims | 23000 |  |
| Priority Claims | 0 |  |
| Classes 1E, 1F, 1G, 1H, 1I, 1M | 1329.10 |  |
| Small Claims (Class 2a) | 997 |  |
| General Unsecured Creditors | 1418 |  |
| B. Total Payments on Effective Date |  | 26744.10 |
| **C. Net Cash on Effective Date** (Line A - Line B)<br>(Not feasible if less than zero) |  | 255.90 |

Case: 18-40396   Doc# 211   Filed: 05/04/19   Entered: 05/04/19 10:51:57   Page 21 of 42

**Exhibit 5 - Investment Property Analysis**

**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: [904 Wilson Avenue Richmond, CA 94805]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 1850 | 1301 | Incl | Incl | 250 | 300 |

Real Property #2 Income: [3856 West Street Emeryville, CA 94608]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 4000 | 1726 | Incl | Incl | 250 | 2024 |

Real Property #3 Income: [6580 Longwalk Drive Oakland, CA 94611]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 3200 | 2148 | Incl | Incl | 250 | 802 |

Real Property #4 Income: [12206 Ormandy Street Houston, Tx]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 800 | 404 | 100 | 200 | 80 | 16 |

| **A. Total Positive Cash Flow** | $3142 |
|---|---|

**Properties with Negative Monthly Cash-Flow:**

Real Property #5 Income: [3035 Chapman Street Oakland, CA 94601]

| Rental Income | Mortgage (PITI) | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 2400 | 3588 | Incl | Incl | | -1188 |

| **B. Total Negative Cash Flow** | -1188 |
|---|---|

Case: 18-40396    Doc# 211    Filed: 05/04/19    Entered: 05/04/19 10:51:57    Page 22 of 42



1  JaVonne M. Phillips, Esq. SBN 187474
2  Kelly M. Raftery, Esq. SBN 249195
**McCarthy & Holthus, LLP**
3  1770 Fourth Avenue
San Diego, CA 92101
4  Phone (877) 369-6122
Fax (619) 685-4811
5

The following constitutes
the order of the court. Signed May 25, 2018

Charles Novack
**U.S. Bankruptcy Judge**

6  Attorneys for Secured Creditor, The Bank of New
York Mellon, successor trustee to JPMorgan
7  Chase Bank, National Association, as Trustee
f/b/o holders of Structured Asset Mortgage
8  Investments II Inc., Bear Stearns ALT-A Trust
9  2005-10, Mortgage Pass-Through Certificates,
Series 2005-10, its assignees and/or successors,
10  by and through its servicing agent Select Portfolio
Servicing, Inc.
11

12

13

14

15  UNITED STATES BANKRUPTCY COURT

16  NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION
17

18  In re:                                      ) Case No. 18-40396 CN
                                                )
19  Festus E. Ogbeide,                          ) Chapter 11
20  dba Gao Associates,                         )
dba Seifer 2 Festus,                        ) **ORDER GRANTING MOTION TO**
21                                              ) **APPROVE STIPULATION FOR USE OF**
                                                ) **CASH COLLATERAL, ADEQUATE**
22          Debtor.                             ) **PROTECTION AND PLAN TREATMENT**
                                                ) **ON FIRST LIEN SECURED BY REAL**
23                                              ) **PROPERTY LOCATED AT 904 WILSON**
                                                ) **AVENUE, RICHMOND, CA 94805 [Dkt.**
24                                              ) **74]**
                                                )
25                                              ) [no hearing]
26                                              )
                                                )
27                                              )
28                                              ) Judge: Charles Novack

29  _____

1
2
3
4

The parties having agreed to the terms set forth in the Stipulation for Use of Cash Collateral, Adequate Protection and Plan Treatment On First Lien Secured by Real Property Located At 904 Wilson Avenue, Richmond, CA 94805, filed on 4/25/2018 as Exhibit 1 to document #74, are bound by the terms of their stipulation which shall be the Order of this Court.

**END OF ORDER**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

**COURT SERVICE LIST**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

## File a Motion:

<u>18-40396 Festus E Ogbeide</u>

Type: bk          Chapter: 11 v          Office: 4 (Oakland)

Assets: y         Judge: CN          Case Flag: PlnDue, DsclsDue, DebtEd

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Kelly Raftery entered on 4/25/2018 at 9:01 AM PDT and filed on 4/25/2018

**Case Name:**      Festus E Ogbeide

**Case Number:**      <u>18-40396</u>

**Document Number:** <u>74</u>

**Docket Text:**
Motion to Approve Document *Stipulation for Use of Cash Collateral, Adequate Protection and Plan Treatment on First Lien Secured by Real Property Located at 904 Wilson Avenue, Richmond, CA 94805* Filed by Creditor The Bank of New York Mellon, successor trustee to JPMorgan Chase Bank, National Association, as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2005-10 (Attachments: # (1) Exhibits # (2) Certificate of Service) (Raftery, Kelly)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**MOT.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=4/25/2018] [FileNumber=34010432-0] [350a11f880dddb659f53df7c8c2a2b35bf064da01ca8cc7f562477147f81f2a0b0 fcef805fc827f9ddebf3c9018e78172e499890be1ed9181e8744b67ea3c8ae]]
**Document description:** Exhibits
**Original filename:**C:\fakepath\EXHB.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=4/25/2018] [FileNumber=34010432-1] [237d377acce62add5f3b374259dab7196cb751d632fe9b150ed30d40746b7bb46d 8918f1abade04617e9e9a6541e3c0d1e6e50bf694f7a52728783f6367cd3e5]]
**Document description:**Certificate of Service
**Original filename:**C:\fakepath\COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=4/25/2018] [FileNumber=34010432-2] [016b2998630385796809b9e248f099e0eb47faaf4f6a2405997969c56ac199dc37 d0ef13b077a9b6299b63ca9830b65a484b9041882f015c2f665cc3ba13ff51]]

**18-40396 Notice will be electronically mailed to:**

JaVonne M. Phillips, Esq. SBN 187474
Kelly M. Raftery, Esq. SBN 249195
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4811
kraftery@mccarthyholthus.com

Attorneys for The Bank of New York Mellon, successor trustee to JPMorgan Chase Bank, National Association, as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2005-10, Mortgage Pass-Through Certificates, Series 2005-10, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 18-40396 CN |
| Festus E. Ogbeide,<br>dba Gao Associates,<br>dba Seifer 2 Festus, | Chapter 11 |
| Debtor. | **MOTION TO APPROVE STIPULATION FOR USE OF CASH COLLATERAL, ADEQUATE PROTECTION AND PLAN TREATMENT ON FIRST LIEN SECURED BY REAL PROPERTY LOCATED AT 904 WILSON AVENUE, RICHMOND, CA 94805** |
| | [no hearing] |
| | Judge: Charles Novack |

1

File No. CA-18-143846
Motion for Approval of Stipulation, Case No. 18-40396 CN

The Bank of New York Mellon, successor trustee to JPMorgan Chase Bank, National Association, as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2005-10, Mortgage Pass-Through Certificates, Series 2005-10, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("Secured Creditor") first lien holder of the loan secured by real property located at 904 Wilson Avenue, Richmond, CA 94805 ("Subject Property") and Festus E. Ogbeide ("Debtor") by and through their attorneys of record herein move this Honorable Court for an order approving the parties' stipulation agreeing to use cash collateral, for adequate protection and claim treatment under Debtor's Chapter 11 Plan for the Subject Property. This motion is filed pursuant to Federal Rule of Bankruptcy Procedure 4001(d)(1)(A)(iii) and (d)(4). Secured Creditor is the first lien holder on the Subject Property with a perfected interest in the rental income, as documented in the Note, Deed of Trust, and Assignment included with the stipulation and filed concurrently as **Exhibit "1"** to this motion.

**RECITALS**

A. On or about 10/24/2005, Debtor, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $331,500.00 on the property commonly known as 904 Wilson Avenue, Richmond, CA 94805 ("Subject Property").

B. On 2/15/2018, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California.

C. The parties have conferred and agreed upon treatment of Secured Creditor's first lien to agree to use of cash collateral, adequate protection payments, and plan treatment for Secured Creditor's firs lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below.

///
///
///
///
///

2

Case: 18-40396    Doc# 211    Filed: 05/04/19    Entered: 05/04/19 10:51:57    Page 28 of 42

**Adequate Protection Payments**

Secured Creditor and Debtor agree that beginning 4/1/2018, Debtor will make contractual payments to Secured Creditor, including the escrow payment, currently in the amount of $1,301.10 (principal and interest $905.75 + taxes $345.92 + insurance $49.43), per month as adequate protection. If Debtor confirms a plan in this instant case these payments will be applied under the agreed plan treatment outlined below and in the Stipulation attached hereto as **Exhibit 1**.

**Valuation**

Secured Creditor holds a fully secured first lien on the Subject Property.

**Plan Treatment**

1. Secured Creditor holds a fully secured first lien on the Subject Property.

2. **Beginning 4/1/2018, Debtor agrees to make contractual payments to Secured Creditor, including the escrow payment, currently in the amount of $1,301.10** (principal and interest $905.75 + taxes $345.92 + insurance $49.43). These payments will be applied contractually to the loan as they are received. Debtor is aware this payment may fluctuate and are responsible for confirming that payment with Secured Creditor as needed.

3. In addition to the current contractual payment due, Debtor agrees to pay all arrears due on the loan as of the date of confirmation over a period of 12 months at 0% interest with payments beginning the first month following the entry of the order confirming Debtor's Chapter 11 Plan in this instant case. These payments are due on the first of each month and late after the fifteenth of each month. Debtor agrees to confirm the amount of arrears prior to confirmation of the plan and increase the monthly payment as needed to repay all arrears due as of confirmation.

///
///
///

3

Case: 18-40396    Doc# 211    Filed: 05/04/19    Entered: 05/04/19 10:51:57    Page 29 of 42

4. As of 3/23/2018, the current contractual loan arrears total $2,602.20 (2/1/18 through 3/1/18 at $1,301.10, each) over twelve (12) months at 0% interest for an additional monthly payment of $216.85 to Secured Creditor, due in addition to the current contractual monthly payment. If additional arrears are due at the time of confirmation they will be added to this amount and monthly payment increased to repay all arrears due at the time of confirmation over twelve (12) months.

5. Debtor may use cash collateral from the rental proceeds generated by the Subject Property to pay for monthly payments due to Secured Creditor. All cash collateral not used for monthly payments described in this stipulation will be deposited into the DIP account for the Subject Property, and shall only be used for fees and costs associated with the Subject Property.

6. Payments shall be made directly to Secured Creditor, Select Portfolio Servicing, Inc., Attn: Remittance Processing, at P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 8657, or as otherwise directed.

7. Secured Creditor will continue to impound this loan for taxes and insurance related to the Subject Property and charge a monthly escrow payment in addition to Debtor's monthly principal and interest payment. Debtor is obligated to make the monthly escrow payment in addition to principal and interest payments. The current escrow payment is $345.92 for taxes and $49.43 for insurance. Debtor understands that these amounts may fluctuate.

8. All escrow advances will remain due and owing on the loan and will be repaid through the escrow account on this loan.

9. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

10. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

11. If Debtor fails to timely make payments, herein, Debtor's authority to use cash collateral immediately terminates and Debtor shall cease using cash collateral, absent further written consent of Creditor, or Court Order.

///

4

Case: 18-40396    Doc# 211    Filed: 05/04/19    Entered: 05/04/19 10:51:57    Page 30 of 42

12. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have fourteen (14) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorneys' fees for each occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

13. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor shall may proceed pursuant to the terms of the underlying Note and Deed of Trust, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further Court Order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 11 Plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

14. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation it will be incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

///
///
///

5

15. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided Debtor is in compliance with the terms of this stipulation and it reflects the agreed plan treatment contained in this stipulation, or the terms of the stipulation are incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

16. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an order approving the parties stipulation on use of cash collateral, for adequate protection and claim treatment with regard to the first lien on the Subject Property as described above and in the stipulation attached hereto as **Exhibit 1**;

2. For any other such relief that this Honorable Court deems appropriate.


Dated: 4/24/2018                                      McCarthy & Holthus, LLP


                                                    By:    /s/  Kelly M. Raftery
                                                           _____
                                                           Kelly M. Raftery, Esq.
                                                           Attorney for Secured Creditor,
                                                           The Bank of New York Mellon, successor
                                                           trustee to JPMorgan Chase Bank, National
                                                           Association, as Trustee f/b/o holders of
                                                           Structured Asset Mortgage Investments II Inc.,
                                                           Bear Stearns ALT-A Trust 2005-10, Mortgage
                                                           Pass-Through Certificates, Series 2005-10, its
                                                           assignees and/or successors, by and through its
                                                           servicing agent Select Portfolio Servicing, Inc.

File No. CA-18-143846
Motion for Approval of Stipulation, Case No. 18-40396 CN



1  JaVonne M. Phillips, Esq. SBN 187474
2  Kelly M. Raftery, Esq. SBN 249195
   **McCarthy & Holthus, LLP**
3  1770 Fourth Avenue
   San Diego, CA 92101
4  Phone (877) 369-6122
5  Fax (619) 685-4811

The following constitutes
the order of the court. Signed May 25, 2018

Charles Novack
**U.S. Bankruptcy Judge**

6  Attorneys for Secured Creditor, Deutsche Bank
7  National Trust Company, as trustee, on behalf of
   the holders of the WaMu Mortgage Pass-Through
8  Certificates, Series 2006-AR3, its assignees
   and/or successors, by and through its servicing
9  agent Select Portfolio Servicing, Inc.

10

11

12

13           UNITED STATES BANKRUPTCY COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15                   OAKLAND DIVISION

16  In re:                          ) Case No. 18-40396 CN
17                                  )
    Festus E. Ogbeide,              ) Chapter  11
18  dba Gao Associates,             )
    dba Seifer 2 Festus,            )
19                                  )
                                    ) **ORDER GRANTING MOTION TO**
20         Debtor.                  ) **APPROVE STIPULATION FOR USE OF**
                                    ) **CASH COLLATERAL, ADEQUATE**
21                                  ) **PROTECTION AND PLAN TREATMENT**
                                    ) **ON FIRST LIEN SECURED BY REAL**
22                                  ) **PROPERTY LOCATED AT 6580**
                                    ) **LONGWALK DR, OAKLAND, CA 94610**
23                                  ) **[Dkt. 72]**
                                    )
24                                  )
                                    ) [no hearing]
25                                  )
26                                  )
27                                  )
                                    ) Judge: Charles Novack
28  _____ )

29

Exhibit 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

The parties having agreed to the terms set forth in the Stipulation for Use of Cash Collateral, Adequate Protection and Plan Treatment On First Lien Secured by Real Property Located At 6580 Longwalk Dr., Oakland, CA 94610, filed on 4/25/2018 as Exhibit 1 to document #72, are bound by the terms of their stipulation which shall be the Order of this Court.

**END OF ORDER**

**COURT SERVICE LIST**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

## File a Motion:

[18-40396 Festus E Ogbeide](#)

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 4 (Oakland) |
| Assets: y | Judge: CN | Case Flag: PlnDue, DsclsDue, DebtEd |

**U.S. Bankruptcy Court**

**Northern District of California**

Notice of Electronic Filing

The following transaction was received from Kelly Raftery entered on 4/25/2018 at 8:52 AM PDT and filed on 4/25/2018

**Case Name:**       Festus E Ogbeide

**Case Number:**     [18-40396](#)

**Document Number:** [72](#)

**Docket Text:**

Motion to Approve Document *Stipulation for Use of Cash Collateral, Adequate Protection and Plan Treatment on First Lien Secured by Real Property Located at 6580 Longwalk Dr, Oakland, CA 94610* Filed by Creditor Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR3 (Attachments: # (1) Exhibits # (2) Certificate of Service) (Raftery, Kelly)

The following document(s) are associated with this transaction:

**Document description:**Main Document

**Original filename:**MOT.pdf

**Electronic document Stamp:**

[STAMP bkecfStamp_ID=1017961465 [Date=4/25/2018] [FileNumber=34010366-0] [30fe461966b0b7a8c6d7111af0caadc52897a0713bed680cb8be54e1ba8e45b940 1406a35d8c42246698eabeca6d1328f0b9fef8246cb2070074f25586bd1e02]]

**Document description:** Exhibits

**Original filename:**C:\fakepath\EXHB.pdf

**Electronic document Stamp:**

[STAMP bkecfStamp_ID=1017961465 [Date=4/25/2018] [FileNumber=34010366-1] [1b77e1c620d941503624280c1f52df6ef495de64dfe6b252e0c1188035f2525c8c 2d9383145f5fb327a565ee77c0ed72fff7bbcae002e675ac452766715eda08]]

**Document description:**Certificate of Service

**Original filename:**C:\fakepath\COS.pdf

**Electronic document Stamp:**

[STAMP bkecfStamp_ID=1017961465 [Date=4/25/2018] [FileNumber=34010366-2] [a0c170ecf975b91d0099bf8a736980f42feffb4ca8ff90f857c2231187de4318e5 24b36c15b4200a8fb54a837f069bbc373543d73a50a6bea783964d362dd9da]]

**18-40396 Notice will be electronically mailed to:**

Case: 18-40396   Doc# 211   Filed: 05/04/19   Entered: 05/04/19 10:51:57   Page 36 of 42

JaVonne M. Phillips, Esq. SBN 187474
Kelly M. Raftery, Esq. SBN 249195
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4811
kraftery@mccarthyholthus.com

Attorneys for Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the
WaMu Mortgage Pass-Through Certificates, Series 2006-AR3, its assignees and/or successors,
by and through its servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 18-40396 CN |
| Festus E. Ogbeide,<br>dba Gao Associates,<br>dba Seifer 2 Festus, | Chapter 11 |
| Debtor. | **MOTION TO APPROVE STIPULATION FOR USE OF CASH COLLATERAL, ADEQUATE PROTECTION AND PLAN TREATMENT ON FIRST LIEN SECURED BY REAL PROPERTY LOCATED AT 6580 LONGWALK DR, OAKLAND, CA 94610**<br><br>[no hearing]<br><br>Judge: Charles Novack |

1

Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR3, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("Secured Creditor") first lien holder of the loan secured by real property located at 6580 Longwalk Dr, Oakland, CA 94610 ("Subject Property") and Festus E. Ogbeide ("Debtor") by and through their attorneys of record herein move this Honorable Court for an order the parties' stipulation agreeing to use cash collateral, for adequate protection and claim treatment under Debtor's Chapter 11 Plan for the Subject Property. This motion is filed pursuant to Federal Rule of Bankruptcy Procedure 4001(d)(1)(A)(iii) and (d)(4). Secured Creditor is the first lien holder on the Subject Property with a perfected interest in the rental income, as documented in the Note, Deed of Trust, and Assignment included with the stipulation and filed concurrently as **Exhibit "1"** to this motion.

### RECITALS

A. On or about 11/23/2005, Debtor, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $500,000.00 on the property commonly known as 6580 Longwalk Dr, Oakland, CA 94610 ("Subject Property").

B. On 2/15/2018, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California.

C. The parties have conferred and agreed upon treatment of Secured Creditor's first lien to agree to use of cash collateral, adequate protection payments, and plan treatment for Secured Creditor's firs lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below

///
///
///
///
///
///

2

Case: 18-40396   Doc# 211   Filed: 05/04/19   Entered: 05/04/19 10:51:57   Page 38 of 42

**Adequate Protection Payments**

Secured Creditor and Debtor agree that beginning 4/1/2018, Debtor will make contractual payments to Secured Creditor, including the escrow payment, currently in the amount of $2,147.73 (principal and interest $1,575.57 + taxes $430.66 + insurance $141.50), per month as adequate protection. If Debtor confirms a plan in this instant case these payments will be applied under the agreed plan treatment outlined below and in the Stipulation attached hereto as **Exhibit 1**.

**Valuation**

Secured Creditor holds a fully secured first lien on the Subject Property.

**Plan Treatment**

1. Secured Creditor holds a fully secured first lien on the Subject Property.

2. **Beginning 4/1/2018, Debtor agrees to make contractual payments to Secured Creditor, including the escrow payment, currently in the amount of $2,147.73** (principal and interest $1,575.57 + taxes $430.66 + insurance $141.50). These payments will be applied contractually to the loan as they are received. Debtor is aware this payment may fluctuate and are responsible for confirming that payment with Secured Creditor as needed.

3. In addition to the current contractual payment due, Debtors agree to pay all arrears due on the loan as of the date of confirmation over a period of 12 months at 0% interest with payments beginning the first month following the entry of the order confirming Debtor's Chapter 11 Plan in this instant case. These payments are due on the first of each month and late after the fifteenth of each month. Debtor agrees to confirm the amount of arrears prior to confirmation of the plan and increase the monthly payment as needed to repay all arrears due as of confirmation.

///
///
///

File No. CA-18-143847
Motion for Approval of Stipulation, Case No. 18-40396 CN

4. As of 3/23/2018, the current contractual loan arrears total $5,871.03 (1/1/18 at $1,575.57; and 2/1/18 through 3/1/18 at $2,147.73, each) over twelve (12) months at 0% interest for an additional monthly payment of $489.25 to Secured Creditor, due in addition to the current contractual monthly payment. If additional arrears are due at the time of confirmation they will be added to this amount and monthly payment increased to repay all arrears due at the time of confirmation over twelve (12) months.

5. Debtor may use cash collateral from the rental proceeds generated by the Subject Property to pay for monthly payments due to Secured Creditor. All cash collateral not used for monthly payments described in this stipulation will be deposited into the DIP account for the Subject Property and shall only be used for fees and costs associated with the Subject Property.

6. Payments shall be made directly to Secured Creditor, Select Portfolio Servicing, Inc., Attn: Remittance Processing, at P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 1693, or as otherwise directed.

7. Secured Creditor will continue to impound this loan for taxes and insurance related to the Subject Property and charge a monthly escrow payment in addition to Debtor's monthly principal and interest payment. Debtor is obligated to make the monthly escrow payment in addition to principal and interest payments. The current escrow payment is $430.66 for taxes and $141.50 for insurance. Debtor understands that these amounts may fluctuate.

8. All escrow advances will remain due and owing on the loan and will be repaid through the escrow account on this loan.

9. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

10. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

11. If Debtor fails to timely make payments, herein, Debtor's authority to use cash collateral immediately terminates and Debtor shall cease using cash collateral, absent further written consent of Creditor, or Court Order.

File No. CA-18-143847
Motion for Approval of Stipulation. Case No. 18-40396 CN

Case: 18-40396    Doc# 211    Filed: 05/04/19    Entered: 05/04/19 10:51:57    Page 40 of 42

12. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have fifteen (15) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorneys' fees for each occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

13. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor shall may proceed pursuant to the terms of the underlying Note and Deed of Trust, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further Court Order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 11 Plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

14. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation it will be incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

///
///
///

5

Case: 18-40396   Doc# 211   Filed: 05/04/19   Entered: 05/04/19 10:51:57   Page 41 of 42

15. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment contained in this stipulation and Debtor is in compliance with the terms of this stipulation, or the terms of the stipulation are incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

16. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an order approving the parties stipulation on use of cash collateral, for adequate protection and claim treatment with regard to the first lien on the Subject Property as described above and in the stipulation attached hereto as **Exhibit 1**;

2. For any other such relief that this Honorable Court deems appropriate.


Dated: 4/24/2018                    McCarthy & Holthus, LLP


                                    By:    /s/  Kelly M. Raftery
                                           _____
                                           Kelly M. Raftery, Esq.
                                           Attorney for Secured Creditor,
                                           Deutsche Bank National Trust Company, as
                                           trustee, on behalf of the holders of the WaMu
                                           Mortgage Pass-Through Certificates, Series
                                           2006-AR3, its assignees and/or successors, by
                                           and through its servicing agent Select Portfolio
                                           Servicing, Inc.

File No. CA-18-143847
Motion for Approval of Stipulation, Case No. 18-40396 CN

Case: 18-40396   Doc# 211   Filed: 05/04/19   Entered: 05/04/19 10:51:57   Page 42 of
42